David Abrams, Attorney at Law
305 Broadway Suite 601
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

_____

|  |  |  |
|---|---|---|
| | ) | |
| Ellen Rothbart, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - against - | ) | Index No.:_____ |
| | ) | |
| Central Marketing Services Inc., | ) | |
| a/k/a Central Marketing Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## COMPLAINT

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney

at Law, respectfully sets forth and alleges as follows:

**I.       Introduction**

1.      This is an action for violation of the Family and Medical Leave Act; the Fair

Labor Standards Act; and New York Labor Law.

**II.      Parties**

2.      Plaintiff Ellen Rothbart ("Plaintiff" or "Ms. Rothbart") is a natural person residing

in the State of New York, County of New York.

3.      Defendant Central Marketing Services Inc. a/k/a Central Marketing, Inc.

("Defendant" or the "Employer") is a New York corporation with a principle place of

business in the State of New York, County of New York.

### III.     Venue & Jurisdiction

4.      Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) in that the Employer maintains a continuous and systematic presence in the Southern District.  Further, this matter arises from the Employer's activities in the Southern District, specifically the employment of the Plaintiff.

5.      Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Family and Medical Leave Act and the Fair Labor Standards Act.

6.      Personal jurisdiction exists over the Defendant in that it is headquartered in the State of New York.

### IV.     Background

7.      The Employer is a market research firm which does nationwide telephone market and political research.

8.      Plaintiff has been employed by the Employer for at least 15 years, performing services as a supervisor; telephone interviewer; and coder.  By January of 2019, Plaintiff was primarily working as a supervisor.

9.      On numerous occasions over the years, the Employer has failed to aggregate Plaintiff's hours for purposes of computing overtime.

10.     Thus, for example, in the week ending February 21, 2015, Plaintiff worked at least 37.75 hours in one capacity and 5.25 hours in another.  Thus, Plaintiff should have been paid overtime for that week just based on her recorded hours.  Nevertheless, the Employer failed to pay overtime to Ms. Rothbart for the week ending February 21, 2015.

11.     Similarly, for the week ending April 22, 2017, Ms. Rothbart's pay stubs show 20.75 hours of work at $12.00 per hour and 38 hours of work at $12.50 per hour. Accordingly, pursuant to 29 C.F.R. 778.115, the Employer should have calculated a "blended rate," by taking the total gross earnings of $724; dividing the gross earnings by the total number of hours of 58.75; and dividing the resulting blended rate of $12.32 by 2 to calculate an overtime premium of $6.17 per hour.  This overtime premium should then have been multiplied by the 18.75 overtime hours worked by Plaintiff to calculate total overtime pay for the week of $115.53.  The Employer failed to do this and failed to pay Ms. Rothbart any of the $115.53 for that week.

12.     Ms. Rothbart was absent from work from approximately January 28, 2019 until April 1, 2019 due to a medical leave.  The medical leave was occassioned by a heart valve surgery which required hospital treatment and multiple follow-up visits with physicians.

13.     Upon her return from medical leave, Ms. Rothbart was not restored to her prior job duties.  Whereas before she had primarily worked as a supervisor; upon her return she was primarily working as a telephone representative.  This resulted in Ms. Rothbart working fewer hours and earning less money.

V.      **Causes of Action**

### Count 1:  Violation of the Family and Medical Leave Act

14.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

15.     The Employer is an "employer" within the meaning of 29 U.S.C. Section 2611 in

that it maintains at least 50 employees.

16.     At all times relevant to this complaint, Plaintiff was an "eligible employee" within

the meaning of 29 U.S.C. Section 2611 in that she was an employee of the Employer who

had been employed at least 12 months by the Employer; had been employed for at least

1250 hours by the Employer during the preceding 12 month period; and worked within

75 miles of the 50 or more employees referred to in the preceding paragraph.

17.     Plaintiff's proposed leave was protected by the FMLA in that it was due to her

own serious health condition.

18.     The Employer violated the FMLA by reducing Plaintiff's job duties and

responsibilities and opportunities to make money on her return from leave.

### Count II: Violation of the Fair Labor Standards Act

19.     The allegations contained in the preceding paragraphs are incorporated as if

restated herein.

20.     The Employer is covered by the Fair Labor Standards Act in that at all times

relevant to this Complaint it had more than $500,000 in revenue and had at least 2

employees who were "in commerce" within the meaning of the Fair Labor Standards Act.

21.     More specifically, based on Ms. Rothbart's observations, the Employer's average

payroll was well in excess of 200 man-hours each working day.  Assuming these people

were paid minimum wage, the Employer's payroll expenses would therefore be well in

excess of $600,000 per year.  Since the Employer has been in business for many years, it

is reasonable to concluded that the Employer's gross revenue was well in excess of its

payroll expenses.

4

22.     In addition, at all relevant times to this Complaint, the Employer had multiple telephone workers who made telephone calls across state lines in order to further the Employer's business of doing nationwide telephone marketing and political research.

23.     In the alternative, Plaintiff herself was "in commerce" within the meaning of the Fair Labor Standards Act in that at all times relevant to the Complaint in this matter, her job duties entailed using the instrumentalities of interstate commerce.

24.     For example, when Plaintiff was herself doing telephone work, she would regularly make telephone calls across state lines to further the Employer's business as a nationwide market and political research firm.

25.     When plaintiff was doing other types of work, she would regularly communicate by e-mail with the Employer's office in Florida.

26.     Accordingly, Ms. Rothbart's employment was covered by the Fair Labor Standards Act, either because the Employer is a covered entity or because Ms. Rothbart was individually covered.

27.     The Employer violated the Fair Labor Standards Act by failing to pay proper overtime pay to Plaintiff.

<strong><u>Count III: Violation of New York Labor Law</u></strong>

28.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

29.     New York Labor Law applies to Ms. Rothbart's employment since she was employed by the Employer within the State of New York.

30.     The Employer violated New York Labor Law by failing to pay Ms. Rothbart

proper overtime premiums and failing to give proper notice under the Wage Theft

Prevention Act.

**VI.     Demand for Relief**

WHEREFORE Plaintiff demands judgment against the Employer for lost wages and

benefits, liquidated damages, compensatory damages and punitive damages together with

appropriate interest, attorneys fees, costs, and such further relief as the Court deems just,

in a total amount not to exceed $150,000 along with an injunction directing the Employer

to restore Plaintiff to her former job duties.

Respectfully submitted,

_____

David Abrams
 Attorney for Plaintiff

305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax  212-897-5811

Dated:      New York, NY
            September 17, 2019