**AGREEMENT** made among the parties to Rothbart v. Central Marketing Services, Inc., Index No. 19cv8619 (the "Action")

**WHEREAS,** Ellen Rothbart ("Plaintiff") has made certain allegations against Central Marketing Services, Inc. ("Defendant") regarding his alleged employment with Defendants in the Action.

**WHEREAS,** the parties have agreed to settle all existing disputes between them, including those in the Action.

Plaintiff and Defendants agree as follows:

1. **Release**

As a material inducement to Defendant to enter into this agreement, Plaintiff, on behalf of herself her heirs, successors, representatives, assigns, attorneys, agents, executors and administrators ("Releasors"), hereby irrevocably and unconditionally releases, acquits, and forever discharges Defendant, its present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, partners, members, employees, stockholders, representatives, insurers, attorneys, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these (hereinafter collectively referred to as "Releasees"), for any claims concerning unpaid overtime including claims under the Fair Labor Standards Act and New York Minimum Wage Act.

2. **Settlement Pay**

Defendant agrees to pay Plaintiff the amount of $10,000 (ten thousand dollars) in the form of (i) a check payable to "David Abrams, as attorney for Ellen Rothbart" in the amount of $3640 (three thousand six hundred forty dollars); and (ii) a check payable to "Ellen Rothbart" in the amount of $6360 (six thousand three hundred sixty dollars) less applicable withholdings and sent by overnight courier to "David Abrams, 305 Broadway Suite 601 New York New York 10007" or such other address as designated by Plaintiff's counsel in writing. The foregoing checks shall be delivered within 21 days of the time that this agreement becomes effective. Defendant shall issue an IRS Form 1099 with respect to the first check (to David Abrams) and an IRS Form W-2 with respect to the second check (to Ellen Rothbart).

3. **Remedy For Breach.**

If a Court of competent jurisdiction determines that either party has breached this Agreement, the prevailing party shall be entitled, in addition to any other right or remedy it may have at law or in equity related to breaches of this Agreement, to an award of reasonable attorneys fees; and (ii) an injunction, without the posting of any bond or other security, enjoining or restraining the losing party from any violation of this Agreement.

4. **Jointly Drafted Agreement.**

This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole.

5. **Applicable Law and Jurisdiction.**

The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York.

6. **Counterpart Signature.**

This agreement may be signed in counterparts and electronic or pdf signatures shall be treated as original.

7. **Effectiveness**

This agreement shall not be effective until and unless: it is signed by both Plaintiff and Defendant and approved by the Court. Further, if the Defendant fails to make payment as required under the "Settlement Pay" paragraph above then, upon the expiration of 7 days following the transmission of a notice to cure by electronic mail to Defendant's counsel, Plaintiff may, at her option declare this agreement to be void; refile and/or re-open the Action; and pursue any claim which otherwise would have been released herein. In the event of such default, the statute of limitations shall be deemed tolled as of the original filing date of the Action.

8. **Withdrawal of Action**

Upon the Court's approval this agreement, the parties shall take all necessary steps to effectuate the dismissal of the Action with prejudice and without additional costs or fees.

**Plaintiff**
By: *Ellen Rothbart*
Ellen Rothbart

**Defendants**
By: *[signature]*
Central Marketing Services, Inc.