UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLEN ROTHBART.,

                Plaintiff,

-against-

CENTRAL MARKETING SERVICES INC., a/k/a
CENTRAL MARKETING INC.

                Defendant.

19cv8619 (DF)

**CONDITIONAL ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

      In this action under the Family and Medical Leave Act, the Fair Labor Standards Act, and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before the Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Plaintiff has also submitted a letter to the Court, explaining why the parties believe the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 9.) The Court has reviewed Plaintiff's submission in order to determine whether the proposed agreement (Dkt. 9-2) represents a reasonable compromise of the claims asserted in this action, and, on March 25, 2020, the Court also held a telephone conference to address a question of whether this Court should issue a contingent Order of Dismissal in this case (*see* ¶ 3, *infra*), and, in light of the totality of the relevant circumstances, including the facts alleged in this case, the representations made in Plaintiff's letter, the terms of the proposed settlement agreement, and the discussion that this Court had with counsel in the March 25 conference, it is hereby ORDERED that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees (*see* Dkt. 9-3), and the agreement is therefore approved.

2. The Court notes that this Order does not incorporate the terms of the parties' settlement agreement. Nor have the parties requested that this Court retain jurisdiction for the purpose of enforcing the settlement. To the contrary, the agreement recites that, in the event of a material breach of the agreement, "Plaintiff may immediately bring suit against Defendants for breach . . . ." (Dkt. 27-1 ¶ 5.) In light of this, the Court has made no independent determination to retain jurisdiction, and nothing in this Court's approval of the settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, No. 15cv1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3. The Court also notes, however, that the parties' proposed agreement contemplates that payment of the agreed settlement amount will be made within 21 days of the date that the agreement is approved by the Court (*see* Dkt. 9-2 ¶¶ 2, 7), and that, if this payment is not then made after notice and an opportunity to cure, "Plaintiff may, at her option[,] declare th[e] agreement to be void [and] refile and/or re-open the Action" (*id*. ¶ 7). Accordingly, as a result of the Court's approval of the parties' executed settlement agreement, this action is hereby

discontinued with prejudice and without costs, provided, however, that within 30 days of the date of this Order, if the agreed settlement payment has not been made, Plaintiffs may apply by letter for the restoration of the action to the active calendar of the Court.

Dated: New York, New York
      March 25, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)